3:13 MC 157 (WWE)

FILED

2013 NOV -8 P 3: 10

U S DISTRICT COURT
BRIDGEPORT, CONN

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC, et al. | ) | Misc. No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | (For an action pending in the  Southern |
| | ) | District of Florida [Civ. Action No.: 13- |
| MOTOROLA MOBILITY LLC | ) | cv-61358 (RSR)] |
| | ) | |
| Defendant. | ) | |

### MOTION TO QUASH SUBPOENA OF PERMAN & GREEN, LLP
### TO TESTIFY AT A DEPOSITION

Perman & Green, LLP is a law firm located at 99 Hawley Lane, Stratford, Connecticut

and it is moving to quash a subpoena to testify at a deposition on November 13, 2013 in

Hartford, Connecticut in this civil action because of the following reasons:

1.  The defendant, Motorola, in the above civil action, has allegedly served Perman & Green,

    LLP with a subpoena to testify at a deposition by leaving a subpoena in the waiting room

    of the firm's office on October 23, 2013 at about 4:30 p.m. without making in hand

    personal service on a member of the firm.

2.  A copy of the subpoena to testify at a deposition on 11/13/2013 at 9:00 a.m. in Hartford,

    Connecticut is attached to this Motion as **Exhibit A**.  Another subpoena for the

    production of documents was also left in the firm's waiting room and a copy of that

    subpoena with a Schedule A and instructions relating to the document requests and

    deposition topics is also attached to this motion as **Exhibit B**.

3. The subpoena to produce documents indicated that it was to be complied with on 11/06/2013 at 9:00 a.m. in Hartford, Connecticut.  A letter of objection was emailed **and mailed via first class mail, postage prepaid** to Motorola's attorney on October 30, 2013 and a copy of the objection is attached to this motion as **Exhibit C.**

4. Attached to Motorola's subpoenas is a Schedule A that lists seven patents and the list appears on A-2 of Schedule A and each patent is identified with a capital letter and with the last three digits of the U.S. Patent Number.  Perman & Green did not have any involvement with the five patents designated by capital letters E, F, G, H and K.

5. As far as patents designated by capital letters I and J are concerned, in 2007, Nokia, Perman & Green's former client, requested that the files be transferred to Spyder and these files were, in fact, transferred to Spyder in accordance with the client's request.

   a. Patent "784" designated with the letter I is a patent that claims priority to an earlier filed patent application filed in Finland and Perman & Green was requested by Nokia to file for a corresponding United States patent application in the United States.  The United States patent application was filed on 10/31/03 and issued on 07/21/2009.

   b. Patent "073" designated with the letter J is a patent that was filed in the United States by Perman & Green at the request of its client, Nokia.  The patent application was filed on 03/21/1997 and issued on January 2, 2001.

   c. Those individuals who worked on patents designated as I and J are either no longer with the firm, have passed away, or are retired.

2

d.  It would be an undue burden and costly to designate anyone to give deposition testimony about patents I and J because there is no one at the firm who has personal knowledge of these patents and, the individuals who had worked on Nokia matters are no longer with the firm as indicated in Paragraph 5c. above.

e.  It would be expensive, costly and time consuming for Perman & Green to attempt to reconstruct the original files for these two patents and it would be an undue burden on it to designate someone from the firm to testify about these two patents when they have no personal knowledge relating to the two patents and the original files were transferred to Spyder at the request of Nokia.  Nokia is no longer a client of Perman & Green.

f.  Under these circumstances, Motorola's attorneys ought to be required by the Court to contact Nokia and Spyder in order to determine if Nokia or Spyder has the original files and what information, if any, they might be willing to share with Motorola on a confidentiality basis and with a protective order, agreed to by these parties.

6.  Perman & Green is unable to determine at this time what matters may be privileged and not discoverable either through deposition testimony or production of documents and any matters that are privileged should be asserted by Nokia.  The Court is directed to Paragraph 6 of the objection filed by Perman & Green and a copy of the objection is annexed to this motion as **Exhibit C**.

3

WHEREFORE, Perman & Green request that the subpoena for deposition testimony by Perman & Green on November 13, 2013 in Hartford, Connecticut be quashed for the reasons stated in this motion.

Dated:  November 8, 2013

PERMAN & GREEN, LLP

By: _____

Robert J. Cooney
Fed. Bar No. ct04216
McElroy, Deutsch, Mulvaney & Carpenter, LLP
30 Jelliff Lane
rcooney@mdmc-law.com
Tel. No. (203) 319-4012
Fax No. (203) 259-0251

4

## CERTIFICATION

I hereby certify that on November 8, 2013, a copy of the foregoing was mailed, via first-class U.S. mail, postage prepaid, to the following parties of record:


Taylor H. Ludlam, Esq.
Kilpatrick, Townsend & Stockton LLP
Suite 1400
4208 Six Forks Road
Raleigh, North Carolina 27609
taludlam@kilpatricktownsend.com

Robert J. Cooney

5

# EXHIBIT A

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
District of Connecticut

| | |
|---|---|
| INTELLECTUAL VENTURES I LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   0:13-CV-61358-RSR |
| MOTOROLA MOBILITY LLC | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | ) Southern District of Florida          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Perman & Green LLP
     425 Post Road, Fairfield, Connecticut 06432

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Schedule A.

| Place:  Brandon Smith Reporting 44 Capitol Avenue, Suite 203 Hartford, CT 06106 | Date and Time: 11/13/2013 9:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer and/or Videographer

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/23/2013

|  *CLERK OF COURT* | | |
|---|---|---|
| | OR | s/Edward M. Mullins |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Motorola Mobility LLC
, who issues or requests this subpoena, are:
Edward M. Mullins, Astigarraga Davis Mullins & Grossman, P.A., 701 Brickell Avenue, 16th Floor, Miami, Florida 33131
emullins@astidavis.com, (305) 372-8282

# EXHIBIT B

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

|  |  |
|---|---|
| INTELLECTUAL VENTURES I LLC, et al. | ) |
| *Plaintiff* | ) |
| v. | ) |
| MOTOROLA MOBILITY LLC | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   0:13-CV-61358-RSR

(If the action is pending in another district, state where:
Southern District of Florida                 )

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Perman & Green LLP
     425 Post Road, Fairfield, Connecticut 06432

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Taylor H. Ludlam c/o Brandon Smith Reporting 44 Capitol Avenue, Suite 203 Hartford, CT 06106 | Date and Time: 11/06/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    10/23/2013

         *CLERK OF COURT*

                                                    OR

         _____            s/Edward M. Mullins
         *Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    Motorola Mobility LLC
_____ , who issues or requests this subpoena, are:
Edward M. Mullins, Astigarraga Davis Mullins & Grossman, P.A., 701 Brickell Avenue, 16th Floor, Miami, Florida 33131
emullins@astidavis.com, (305) 372-8282

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   0:13-CV-61358-RSR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00

I declare under penalty of perjury that this information is true.

Date: _____                               _____
                                                               *Server's signature*

                                                             _____
                                                                *Printed name and title*

                                                             _____
                                                                  *Server's address*

Additional information regarding attempted service, etc:

## SCHEDULE A

### I.    DEFINITIONS

A.    "Motorola" means Motorola Mobility LLC and its officers, directors, employees, agents, representatives, attorneys, parent corporations, subsidiaries, affiliates, divisions, subgroups, successors or assigns.

B.    "IV" means Intellectual Ventures I LLC and Intellectual Ventures II LLC and their officers, directors, employees, agents, representatives, attorneys, parent corporations, subsidiaries, affiliates, divisions, subgroups, successors or assigns.

C.    "Perman," "You" or "Your" refers to Perman & Green LLP, and each of its predecessors-in-interest, successors, assignees, agents, intermediaries, legal representatives, trustees, consultants, and all partners, owners, directors, shareholders, attorneys, servants, employees, representatives and other persons acting on its behalf.

D.    "Document" as used herein shall have the broadest possible construction under Rule 34(a) of the Federal Rules of Civil Procedure and includes, without limiting the generality of the foregoing, the original and all copies, drafts, and translations of any document in any written, recorded, or graphic form, including film, video, computer data and programs, memoranda and notes of oral conversations, as well as compilations, catalogs and summaries of information or data, whether typed, handwritten, printed, recorded, or otherwise produced or reproduced, and any other retrievable data (whether email, discs, tapes, cards, or coded electrostatically, electromagnetically, optically or otherwise). "Document" also means any non-identical copy thereof. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents. The enumeration of various specific items as

A-1

included within the definition of the word "documents" shall not be taken to limit the generality of this word, and the requests herein are directed and intended to obtain all "documents" in the broadest and most comprehensive sense and meaning of this word.

E.   The "'793 Patent" means U.S. Patent No. 5,790,793.

F.   The "'392 Patent" means U.S. Patent No. 7,136,392.

G.   The "'960 Patent" means U.S. Patent No. 6,121,960.

H.   The "'771 Patent" means U.S. Patent No. 7,382,771.

I.   The "'784 Patent" means U.S. Patent No. 7,564,784.

J.   The "'073 Patent" means U.S. Patent No. 6,170,073.

K.   The "'353 Patent" means U.S. Patent No. 7,848,353.

L.   The "Patents in Suit" collectively shall mean the '793, '392, '960, '771, '784, '073, and '353 patents.

M.   The term "prior art" encompasses the subject matter described in each subdivision of 35 U.S.C. § 102 and 35 U.S.C. § 103, including, without limitation, printed publications, events, and tangible things.

## II.   INSTRUCTIONS

A.   You are required to produce documents responsive to the Requests in this Schedule A by the return date on the Subpoena.

B.   If you have no documents responsive to a particular Request, your response should specifically so state.

C.   Documents produced pursuant to Federal Rule of Civil Procedure 34 should be expressly identified to the Request to which they pertain.

D.   Except as otherwise expressly directed herein, each paragraph and

A-2

US2000.5892101.1 C8490-331049

subparagraph of the Requests should be construed independently and not by reference to any

other paragraph or subparagraph herein for purposes of limiting the scope of the Request

being answered.

     E.     Motorola specifies that documents and things produced in this matter should

be produced as they are kept in the regular course of business or, in the alternative, organized

and labeled so as to correspond to the categories of this request and that they shall be serially

numbered.

     F.     If the original of a document is within your possession, custody or control,

produce it; if not, produce such copy of it as is in your possession, custody or control.  Any

copy of a document on which any notation, addition, alteration, or change has been made is

to be treated as an additional original document.

     G.     Included in the definition of documents as used herein are files, file folders,

books and their contents.  Accordingly, produce, files, file folders, and books together with

the documents they contain.

     H.     If any of the documents requested have been destroyed, identify each such

document, state the date upon which the document was destroyed, and state the reason it was

destroyed.

     I.     If you assert a claim of privilege or work product protection in objecting to

any Request, identify with respect to each communication, document, or tangible thing the

nature and basis of the privilege claimed, and provide as much of the following information

as is not encompassed by the privilege:  its type; its general subject matter and purpose; its

date; the names of persons making or receiving the communication, document, or tangible

thing or a copy thereof or, if the communication was oral, of those present when it was made;

A-3

their relationship to the author or speaker; and any other information needed to determine the applicability of the privilege or protection.

    J.    If any Request is unclear, please contact the undersigned counsel and, if possible, the Request will be clarified in a reply letter. Any such reply letter may be treated as a modification of the Request.

    K.    If you contend that any Request is objectionable in whole or in part, state with particularity each such objection, the basis for it, and the categories of information and documents to which the objection applies, and respond to the Request insofar as it is not deemed objectionable

US2000 9892101.1 C8490-331049

## III.   DOCUMENT REQUESTS

### The '073 Patent

1.      Produce all documents and things concerning the development of the '073
Patent.

2.      Produce all of your files regarding the prosecution of the '073 Patent.

3.      Produce all documents and things concerning the preparation or prosecution of
United States Patent Applications that resulted in the '073 Patent, including, but not limited
to:

        a.      All documents and things supplied to the person or persons who
prepared such applications;

        b.      All drafts of said applications;

        c.      All correspondence or documents concerning communications with the
United States Patent and Trademark Office; and

        d.      All documents and things referring or relating to the scope of claims of
said applications.

4.      Produce all documents and things concerning the '073 Patent including, but
not limited to, draft patent applications, file histories, correspondence, and prior art cited in
any applications.

5.      Produce all documents dated on or before March 21, 1997 (including, but not
limited to, all patents, patent applications, drawings, publications, written material, sales,
offers for sale, discussions, photographs, notes, uses, experiments, process(es), prior art, or
product(s)) concerning or which disclose, teach, suggest, relate to, mention, describe, show,
reference, imply, are, is similar to, place on sale, use, or publicize the methods or systems

A-5

US2000 9892101.1 CR920-331049

disclosed in the '073 Patent.

6.      Produce all documents and things concerning the existence or nonexistence of secondary or objective indicia of non-obviousness of the '073 Patent.

7.      Produce all documents and things concerning each and every search on all, or any part, of the subject matter of the '073 Patent, and all prior art, publications, or other materials identified or discovered in connection therewith, including documents and things concerning the date on which the inventor or any assignee of the '073 Patent first became aware of the prior art, publications or materials located as a result of such search.

8.      Produce all documents and things concerning the breadth, scope or meaning of any claim of the '073 Patent.

9.      Produce all documents and things concerning information known to you or believed by you to affect the scope, validity, enforceability, or infringement of any of the claims of the '073 Patent.

10.     Produce all documents and things concerning communications with any present or former employee of Nokia Mobile Phones Ltd. concerning the '073 Patent or the inventions disclosed therein.

11.     Produce all notes, correspondence, memoranda, reports, or other documents and things concerning the prosecution of the '073 Patent.

12.     Produce all documents and things concerning any communications with anyone concerning the '073 Patent.

13.     Produce all documents and things concerning any study, investigation or other inquiry by you or anyone on behalf of you or obtained from anyone else, whether orally or in writing, concerning the '073 Patent, any related patents, Nokia Mobile Phones Ltd., and/or

A-6

IV.

14.    All documents that refer or relate to the conveyance of any interest in the '073 Patent, including without limitation license agreements, assignments, or draft license agreements.

15.    All documents that refer or relate to the commercial exploitation of any of the inventions disclosed by the '073 Patent.

**The '784 Patent**

1.    Produce all documents and things concerning the development of the '784 Patent.

2.    Produce all of your files regarding the prosecution of the '784 Patent.

3.    Produce all documents and things concerning the preparation or prosecution of United States Patent Applications that resulted in the '784 Patent, including, but not limited to:

    a.    All documents and things supplied to the person or persons who prepared such applications;

    b.    All drafts of said applications;

    c.    All correspondence or documents concerning communications with the United States Patent and Trademark Office; and

    d.    All documents and things referring or relating to the scope of claims of said applications.

4.    Produce all documents and things concerning the '784 Patent including, but not limited to, draft patent applications, file histories, correspondence, and prior art cited in any applications.

A-7

5.    Produce all documents dated on or before October 31, 2003 (including, but not limited to, all patents, patent applications, drawings, publications, written material, sales, offers for sale, discussions, photographs, notes, uses, experiments, process(es), prior art, or product(s)) concerning or which disclose, teach, suggest, relate to, mention, describe, show, reference, imply, are, is similar to, place on sale, use, or publicize the methods or systems disclosed in the '784 Patent.

6.    Produce all documents and things concerning the existence or nonexistence of secondary or objective indicia of non-obviousness of the '784 Patent.

7.    Produce all documents and things concerning each and every search on all, or any part, of the subject matter of the '784 Patent, and all prior art, publications, or other materials identified or discovered in connection therewith, including documents and things concerning the date on which the inventor or any assignee of the '784 Patent first became aware of the prior art, publications or materials located as a result of such search.

8.    Produce all documents and things concerning the breadth, scope or meaning of any claim of the '784 Patent.

9.    Produce all documents and things concerning information known to you or believed by you to affect the scope, validity, enforceability, or infringement of any of the claims of the '784 Patent.

10.    Produce all documents and things concerning communications with any present or former employee of Nokia Mobile Phones Ltd. concerning the '784 Patent or the inventions disclosed therein.

11.    Produce all notes, correspondence, memoranda, reports, or other documents and things concerning the prosecution of the '784 Patent.

A-8

12.     Produce all documents and things concerning any communications with anyone concerning the '784 Patent.

13.     Produce all documents and things concerning any study, investigation or other inquiry by you or anyone on behalf of you or obtained from anyone else, whether orally or in writing, concerning the '784 Patent, any related patents, Nokia Mobile Phones Ltd., and/or IV.

14.     All documents that refer or relate to the conveyance of any interest in the '784 Patent, including without limitation license agreements, assignments, or draft license agreements.

15.     All documents that refer or relate to the commercial exploitation of any of the inventions disclosed by the '784 Patent.

A-9

## IV.   DEPOSITION TOPICS

### The '073 Patent

1. The development of the '073 Patent.

2. The prosecution of the '073 Patent.

3. The preparation or prosecution of United States Patent Applications that resulted in the '073 Patent, including, but not limited to:

   a. Documents and things supplied to the person or persons who prepared such applications;

   b. Drafts of said applications;

   c. Communications with the United States Patent and Trademark Office; and

   d. Documents referring or relating to the scope of claims of said applications.

4. Documents dated on or before March 21, 1997 (including, but not limited to, all patents, patent applications, drawings, publications, written material, sales, offers for sale, discussions, photographs, notes, uses, experiments, process(es), prior art, or product(s)) concerning or which disclose, teach, suggest, relate to, mention, describe, show, reference, imply, are, is similar to, place on sale, use, or publicize the methods or systems disclosed in the '073 Patent.

5. The existence or nonexistence of secondary or objective indicia of non-obviousness of the '073 Patent.

6. Each and every search on all, or any part, of the subject matter of the '073 Patent, and all prior art, publications, or other materials identified or discovered in

A-10

CB2000.9892101.1 C8400-351[01]

connection therewith, including documents and things concerning the date on which the inventor or any assignee of the '073 Patent first became aware of the prior art, publications or materials located as a result of such search.

7.    The breadth, scope or meaning of any claim of the '073 Patent.

8.    Information known to you or believed by you to affect the scope, validity, enforceability, or infringement of any of the claims of the '073 Patent.

9.    Communications with any present or former employee of IV concerning the '073 Patent or the inventions disclosed therein.

10.   Communications with anyone concerning the '073 Patent.

11.   Any study, investigation or other inquiry by IV or anyone on behalf of IV or obtained from anyone else, whether orally or in writing, concerning the '073 Patent or any related patents.

12.   The conveyance of any interest in the '073 Patent, including without limitation license agreements, assignments, or draft license agreements.

13.   The commercial exploitation of any of the inventions disclosed by the '073 Patent.

**The '784 Patent**

1.    The development of the '784 Patent.

2.    The prosecution of the '784 Patent.

3.    The preparation or prosecution of United States Patent Applications that resulted in the '784 Patent, including, but not limited to:

a.    Documents and things supplied to the person or persons who prepared such applications;

A-11

     b.     Drafts of said applications;

     c.     Communications with the United States Patent and Trademark Office; and

     d.     Documents referring or relating to the scope of claims of said applications.

4.     Documents dated on or before October 31, 2003 (including, but not limited to, all patents, patent applications, drawings, publications, written material, sales, offers for sale, discussions, photographs, notes, uses, experiments, process(es), prior art, or product(s)) concerning or which disclose, teach, suggest, relate to, mention, describe, show, reference, imply, are, is similar to, place on sale, use, or publicize the methods or systems disclosed in the '784 Patent.

5.     The existence or nonexistence of secondary or objective indicia of non-obviousness of the '784 Patent.

6.     Each and every search on all, or any part, of the subject matter of the '784 Patent, and all prior art, publications, or other materials identified or discovered in connection therewith, including documents and things concerning the date on which the inventor or any assignee of the '784 Patent first became aware of the prior art, publications or materials located as a result of such search.

7.     The breadth, scope or meaning of any claim of the '784 Patent.

8.     Information known to you or believed by you to affect the scope, validity, enforceability, or infringement of any of the claims of the '784 Patent.

9.     Communications with any present or former employee of IV concerning the '784 Patent or the inventions disclosed therein.

A-12

10. Communications with anyone concerning the '784 Patent.

11. Any study, investigation or other inquiry by IV or anyone on behalf of IV or obtained from anyone else, whether orally or in writing, concerning the '784 Patent or any related patents.

12. The conveyance of any interest in the '784 Patent, including without limitation license agreements, assignments, or draft license agreements.

13. The commercial exploitation of any of the inventions disclosed by the '784 Patent.

A-13

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT C

# MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP

### ATTORNEYS AT LAW

30 JELLIFF LANE
SOUTHPORT, CONNECTICUT 06890
203.319.4000
FACSIMILE: 203.259.0251

ROBERT J. COONEY
Direct: 203.319.4012
rcooney@mdmc-law.com

October 30, 2013

Taylor H. Ludlam, Esq.
Kilpatrick, Townsend & Stockton LLP
Suite 1400
4208 Six Forks Road
Raleigh, North Carolina  27609

Re:   **Intellectual Ventures I, LLC, et al., Plaintiff, v. Motorola Mobility LLC, Defendant**
      **Perman & Green, LLP**
      **Our File Number:  34020/0005**

Dear Ms. Ludlam:

**Objection to Subpoena to Produce Documents:**

**Objection:**

1. Perman & Green, LLP is a small law firm located at 99 Hawley Lane, Stratford, Connecticut.  The subpoena was not personally served on a member of the Firm for the production of documents.

2. Schedule A lists seven patents each referenced with a capital letter including E, F, G, H, I, J, K and Perman & Green is unable to respond to the request for documents relating to E, F, G, H, and K as appears on A2 of Schedule A because Perman & Green did not have any involvement with these patents.

3. As far as the patents designated with letters I and J are concerned, in 2007, Nokia, its former client, requested that the files be transferred to Spyder.

   a. Those who worked on patents designated as I and J are no longer with the Firm and are retired or passed away.

   b. Dealing with the filing for these patents for the most part is a matter of public record and can be easily obtained by Motorola.

---

NEW JERSEY | NEW YORK | PENNSYLVANIA | CONNECTICUT | MASSACHUSETTS | COLORADO | DELAWARE

www.mdmc-law.com

## McElroy, Deutsch, Mulvaney & Carpenter, LLP

Taylor H. Ludlam, Esq.
October 30, 2013
Page 2

    c.  The simplest and easiest way to obtain the documentation relating to the patents designated as I and J is for Motorola or its attorneys to contact Spyder because the original files were transferred to it at the request of Nokia.

    d.  Nokia no longer is a client of Perman & Green.  Nokia decided to consolidate all of its legal work with a few law firms over the last several years.

4.  It would be unduly burdensome and costly for Perman & Green to attempt to comply with this request for production of documents for these two patents, I and J.

5.  Perman & Green object to the instructions relating to the production requests for documents because it is in the broadest terms without identifying specific documents or data it is seeking and since it is involved in litigation with Intellectual Ventures I LLC, et al. and because these two patents are for the most part a matter of public record, Motorola should be in a position to identify the specific documents that relate to the issues involved in the litigation without going on a fishing expedition.

6.  Without having access to the original files, Perman & Green is unable to determine at this time whether the production of document requests would include mental impressions, conclusions, legal opinions, legal theories, matters relating to attorney-client privilege, work product and undisclosed expert witnesses, trade secrets or other business dealing with confidential information of the client and for these reasons, Perman & Green is unable to respond to the production request unless it is able to first determine whether the above categories are involved in the client's documents.  This matter is further complicated by the fact that the individuals who worked on Nokia matters are no longer with the Firm.  We request that you consider withdrawing these subpoenas for the production of documents and the taking of the Perman & Green, LLP law firm deposition.

Very truly yours,

Robert J. Cooney

RJC/sel

RJC/34446/2/1179011v1
10/30/13-HRT/SEL